ALLENDALE HEIGHTS Co. *v.* EYRICH.

(Division B.   Jan. 20, 1930.)

[125 So. 706.   No. 28215.]

E. H. Ratcliff and L. A. Whittington, both of Natchez, for appellant.

Kennedy & Geisenberger, of Natchez, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Eyrich filed his bill in the chancery court of Adams county, alleging that the Allendale Heights Company is the owner of certain lands in Adams county, and that on or about ——— day of ———, 1926, Allendale Heights Company purported to make a subdivision of said property into lots and streets and offer the same to the public. The bill alleges that the property adjoins

the corporate limits of the city of Natchez, and is bounded on the southerly side by what is known as the Duncan Park property, being a large tract of land given to the city of Natchez by a citizen for park purposes; that the Allendale Heights Company approached the complainant, Eyrich, and offered to sell him a portion of the said property, representing that there were no liens or incumbrances against the said property, and that the property had been subdivided into sufficient streets and avenues dedicated to the general public, and that perpetual easements and rights of way to the purchaser of each lot over and across said streets and rights of way would be granted, that Duncan avenue, which is the roadway leading from said property to the city of Natchez, would be graveled, and concrete sidewalks laid along the northerly side of the same, and that the water connections would be made with the city water plant and with the electric light plant, and that no building would be permitted to be constructed in the said addition that cost less than five thousand dollars, and that no filling stations or tenements for colored persons should be permitted thereon, and that practically all of said lots had been sold, representing that certain specific lots had been sold to certain persons and that they had agreed to construct a residence thereon; that on the faith of such representations, but without any written contract or agreement, complainant, Eyrich, gave to the Allendale Heights Company his check for five hundred dollars as a part of the purchase price on the property, but had received no contract whatsoever, and the said Allendale Heights Company had indorsed and cashed his check; that some months thereafter the Allendale Heights Company tendered the complainant a deed describing the property; but that he refused to receive it and pay the balance due because at the said time the property so offered to be conveyed was covered by incumbrances in excess of ten thousand dollars and was subject to certain liens and obligations.

It was further alleged that the streets and alleys had not been dedicated to the general public, and that Duncan avenue was not graveled nor the concrete sidewalk laid on the northerly side thereof, nor was there any intention on the part of the Allendale Heights Company to gravel Duncan avenue or to lay concrete sidewalks on the northerly side thereof, and that the property had not been connected with the water works; that the deed tendered by defendant to the complainant did provide for the complainant to construct a five thousand dollar residence and contained stipulations so far as they applied to the complainant, but had no mutual covenants obligating the defendant to carry out its part of the contract; and that, in fact, one of the purchasers of one of the lots was given the privilege of maintaining a club, contrary to verbal representation. Appellee prayed for a judgment for the amount paid to the Allendale Heights Company as above stated.

The company answered and filed a cross-bill in which it sought to compel a specific performance of the contract. It appeared that the deed tendered contained none of the covenants binding upon the Allendale Heights Company; that no building should be constructed in the addition which cost less than five thousand dollars, and that no colored person should be allowed to purchase any of the said property. It further appeared that only a portion of Duncan avenue had been graveled, and at the time of the tender of the deed there were some outstanding incumbrances against the property, releases from which were secured subsequent to the filing of the bill, except to one tract. It appeared that Duncan avenue had been partially graded and partially graveled; that there was some understanding between the Allendale Heights Company and the city with reference to these improvements, and that the city would pay the Heights Company for doing such work, but, when the claim was presented to the city, it was refused by the city upon advice of the city attorney that the city

had no right to construct the highway across said property. It also appears that Duncan avenue and the various streets and avenues leading out had not been taken over or established as public highways by the county.

The court below rendered judgment in favor of Eyrich for the amount paid, and dismissed the cross-bill, from which this appeal is prosecuted.

We think the court below was correct in its judgment on the facts contained in the record. The Allendale Heights Company had never tendered a deed carrying out on its part, or binding itself by an enforceable written contract to carry out the agreements made with the complainant, Eyrich. Such a tender was necessary, because Eyrich had the right to have the deed provide according to the representation so as to bind the Heights Company as well as himself. Furthermore, the obligations outstanding against the property were such that grave risk would be incurred because of them. An assumption by the Allendale Heights Company of said obligations being recited in the deed as a part of the consideration from the grantor to the Allendale Heights Company beclouded the title to the property, and, before the tender of the deed is effective, there must be the tender of a proper deed and one free from incumbrances affecting the title.

The judgment of the court below will therefore be affirmed.

Affirmed.